47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samir Ahmed HAMMOUD, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 94-3044.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: ENGEL, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Samir Ahmed Hammoud, seeks review of the summary dismissal by the Board of Immigration Appeals of his administrative appeal of an order of deportation. Before this court, Hammoud raises numerous due process challenges to the decision of the Board and asserts that he has been denied the opportunity to present his arguments that he should be granted asylum and withholding of deportation. We find no error and affirm.
 
 
 2
 The principle is well-established in our nation's jurisprudence "that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 113 S.Ct. 1439, 1449 (1993). Although due process requires an opportunity to be heard, that opportunity need not be "upon a regular, set occasion, and according to the forms of judicial procedure, but one that will secure the prompt, vigorous action contemplated by Congress, and at the same time be appropriate to the nature of the case upon which such officers are required to act." Japanese Immigrant Case, 189 U.S. 86, 101 (1903).
 
 
 3
 In this case, the Board summarily dismissed Hammoud's appeal for failure to file a brief after he had indicated on his notice of appeal that such a brief or statement would be tendered. Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E), such a failure, by itself, is sufficient justification for summary dismissal. Because the Board's summary dismissal of Hammoud's appeal thus was not arbitrary under the circumstances of this case, the appellant's allegation of a due process violation is without merit.
 
 
 4
 Moreover, even if Hammoud had timely filed a brief with the Board, it is inconceivable that he could have prevailed on his request to be granted asylum and withholding of deportation. Pursuant to statutory and regulatory provisions, asylum and withholding of deportation are unavailable to any alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community" of the United States. The crimes committed by Hammoud that precipitated the deportation proceedings had human victims, were of a serious nature, and resulted in punishment reflective of a recognition of the appellant's danger to the greater community. These facts present an egregious situation that justifies the conclusion that Hammoud's offenses were "particularly serious crimes." See 8 C.F.R. Secs. 208.14(c)(1) and 208.16(c)(2)(ii).
 
 
 5
 In summary, because Hammoud failed to file a brief on appeal to the Board, after indicating that such a written statement of positions and arguments would be tendered, we believe the Board was correct in summarily dismissing the appellant's administrative appeal. Moreover, even if Hammoud had properly submitted a brief to support his administrative appeal, relief could not have been granted to him because the crimes for which he was convicted were "particularly serious crimes," and the resulting convictions foreclose a grant of asylum and withholding of deportation. We therefore AFFIRM the decision of the Board of Immigration Appeals.